O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

#87

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-3736 PSG (JCGx) | Date | April 5, 2011 |
|---|---|---|---|
| Title | Health Facilities of California Mutual Insurance Company, Inc. v. British American Insurance Group, Ltd., *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(In Chambers) Order Denying Plaintiff's Motion for Reconsideration**

Pending before the Court is Health Facilities of California Mutual Insurance Company, Inc.'s Motion for Reconsideration of this Court's January 11, 2011 Order dismissing the case for lack of subject matter jurisdiction. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; Local Rule 7-15. After considering the moving and opposing papers, the Court DENIES the Motion for Reconsideration.

I.     Background

Plaintiff Health Facilities of California Mutual Insurance Company, Inc. ("Plaintiff" or "HFC") is an incorporated risk retention group within the meaning of 15 U.S.C. § 3901. *See First Amended Complaint* ("*Compl.*") ¶ 5. Defendants British American Insurance Group Limited ("BAIG") and Peter Myrtle (together, "Defendants") are Louisiana citizens acting as reinsurance intermediaries. *See id.* ¶¶ 3, 6-7. A "reinsurance intermediary participates in securing the reinsurance, serves as a conduit for communications between the reinsurers and the reinsured, and transmits premium payments, payments of return premium and collects balances that are due." *Id.* ¶ 3. At issue in the case was HFC's allegation that it is owed money by Defendants as a result of a previous contractual relationship. *See Compl.* ¶ 31.

As mentioned, BAIG and Peter Myrtle are citizens of Louisiana. With respect to HFC, the Complaint alleges that "Plaintiff HFC is a Nevada domiciled mutual insurance company organized, licensed and operated under the federal Liability Risk Retention Act of 1986 . . . and

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

#87

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-3736 PSG (JCGx) | | Date | April 5, 2011 |
|---|---|---|---|---|
| Title | Health Facilities of California Mutual Insurance Company, Inc. v. British American Insurance Group, Ltd., *et al.* | | | |

the captive insurance laws of the state of Nevada." *Id.* ¶ 5. The Complaint, however, is silent about HFC's principal place of business. All it says is that "HFC issued only professional and general liability insurance policies *to* California health facilities" and that "all of HFC's insurance transactions and risks are in California." *Id.* (emphasis added). It is undisputed that HFC's board of directors, President, Secretary and Treasurer direct, control and coordinate the management of the corporation. *Chase Decl.* ¶ 2-3, 6-9.

On October 26, 2010, this Court issued an Order to Show Cause ("OSC") regarding the Court's subject matter jurisdiction. *See* Dkt. #74. On November 8, 2010, HFC filed a response to the Court's OSC arguing that HFC's principle place of business was somewhere in California, *see* Dkt. #76, to which Defendants BAIG and Myrtle filed a reply on November 23, 2011, insisting that HFC had its principle place of business in Louisiana, *see* Dkt. #78. On January 11, 2011, the Court considered all the arguments and evidence related to subject matter jurisdiction and concluded that HFC failed to carry its burden to establish the diversity of the parties. *See* Dkt. #86 (the "January 11 Order"). As a consequence, the Court dismissed the case. Now, HFC seeks reconsideration of the Court's January 11 Order dismissing the case for lack of subject matter jurisdiction. *See* Dkt. #87 (Motion for Reconsideration). Interestingly, HFC uses the Motion to abandon its previous position that HFC's nerve center is in California, and makes an entirely new argument that HFC's nerve center is actually in Colorado. *Mot.* 7:24-26. Nevertheless, HTC argues that reconsideration is warranted under Federal Rule of Civil Procedure 60(b)(1) (excusable neglect), Rule 60(b)(2) (newly discovered evidence), Rule 60(b)(6) (any reason justifying relief) and Local Rule 7-18(a) and (b) (new facts). *See Mot.* 4:21-6:17. For the reasons that follow, the Court DENIES HFC's Motion for Reconsideration.

II.  <u>Legal Standards</u>

A.  <u>Subject Matter Jurisdiction</u>

Federal courts are courts of limited jurisdiction, and presumptively lack jurisdiction to hear civil actions. *See Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). The lack of subject matter jurisdiction may be raised at any time, and the court is obligated to address the issue *sua sponte*. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The burden of establishing jurisdiction rests upon the party asserting it. *See*

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#87**

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-3736 PSG (JCGx) | Date | April 5, 2011 |
|---|---|---|---|
| Title | Health Facilities of California Mutual Insurance Company, Inc. v. British American Insurance Group, Ltd., *et al.* | | |

*Kokkonen*, 511 U.S. at 377. And even where that party's adversary does not challenge its jurisdictional allegations, "the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence." *Gaus v. Miles, Inc.,* 980 F.2d 564, 567 (9th Cir. 1992) (*quoting McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 80 L. Ed. 1135, 56 S. Ct. 780 (1936)); *see also Snell v. Cleveland, Inc.,* 316 F.3d 822, 826 (9th Cir. 2002) (noting that "a court may raise the question of subject matter jurisdiction, *sua sponte,* at any time during the pendency of the action").

Jurisdiction founded on diversity "requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *See Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003); *see also* 28 U.S.C. § 1332. "Complete diversity" means that all plaintiffs must have citizenship different than all defendants. *See Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806). A corporation is a citizen both of the state in which it was incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c). A corporation's principal place of business is its "nerve center" or "place where [the] corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, ___ U.S. ___, 130 S. Ct. 1181, 1186 (2010).

B.   Federal Rule of Civil Procedure 60(b)

Federal Rule of Civil Procedure 60(b) governs relief from a Judgment or Order entered by the Court and states:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); . . . or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). However, the Ninth Circuit has explained that attorney error does not fall within Rule 60(b)'s provision for "excusable neglect" that could lead a court to grant a party relief from judgment or a court order. *See Latshaw v. Trainer Wortham & Co. ,* 452 F.3d 1097,

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#87

CIVIL MINUTES - GENERAL

| Case No. | CV 10-3736 PSG (JCGx) | | Date | April 5, 2011 |
|---|---|---|---|---|
| Title | Health Facilities of California Mutual Insurance Company, Inc. v. British American Insurance Group, Ltd., *et al.* | | | |

1100-01 (9th Cir. 2006).  "For the purposes of subsection [60](b)(1), parties should be bound by and accountable for the deliberate actions of themselves and their chosen counsel. This includes not only an innocent, albeit careless or negligent, attorney mistake, but also intentional attorney misconduct." *Latshaw* , 452 F.3d at 1101.

C.    Local Rule 7-18

Local Rule 7-18 states governs Motions for Reconsideration in the Central District of California and states that:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument in support of or in opposition to the original motion.

Local R. 7-18.  Under Local Rule 7-18, a court may reconsider its ruling on a motion only upon a showing of (a) a material difference in law or fact that could not reasonably have been known to the moving party at the time of the original motion, (b) the emergence of new material facts or a change of law occurring after the decision, or (c) a manifest failure of the court to consider material facts presented.  A motion for reconsideration is not an opportunity for the parties to raise an argument that could have, and should have, been raised earlier.  *See* L.R. 7-18 ("No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion."); *see also Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995) (Posner, J.) ("It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him.  Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.").

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#87

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3736 PSG (JCGx) | Date | April 5, 2011 |
|---|---|---|---|
| Title | Health Facilities of California Mutual Insurance Company, Inc. v. British American Insurance Group, Ltd., *et al.* | | |

III.    Discussion

      HTC argues that reconsideration is warranted under Federal Rule of Civil Procedure 60(b)(1) (excusable neglect), Rule 60(b)(2) (newly discovered evidence), Rule 60(b)(6) (any reason justifying relief) and Local Rule 7-18(a) and (b) (new facts). *See Mot.* 4:21-6:17. Yet, HTC's Motion for Reconsideration is nothing more than a request for a second bite at the apple. Specifically, HTC suggests that if it was given the opportunity to file a second round of briefing in response to the brief filed by Defendants addressing this Court's subject matter jurisdiction, it would have carried its burden of correctly identifying HFC's principle place of business. *See Mot.* 5:8-9. Moreover, HFC contends that it has additional and new facts to support its latest position that HFC's principal place of business is in Colorado, rather than California as argued in the response to the OSC. *See Mot.* 5:24-27. Finally, HFC contends that the Court's January 11 Order reflects a "manifest showing of a failure to consider material facts presented to the Court" because the Court "ignored" the fact that HFC is in "run-off" and the location of direction and control may have moved. *Mot.* 6:6-15. None of HFC's assertions warrant reconsideration.

      First, the Court disagrees with the notion that HFC was not given an adequate opportunity to address this Court's subject matter jurisdiction. As discussed, the Court sent out the OSC and directed HFC to support the contention in the Complaint that the parties are completely diverse. Plainly, HFC failed to meet its burden to do so and the Court was not satisfied that diversity jurisdiction existed. That the Court referenced evidence offered by Defendants in reply to HFC's OSC response does not, in any way, mitigate HFC's insufficient OSC response.[1]

      Second, HFC seeks to introduce facts that Colorado is HFC's principle place of business, despite arguing that California was its principle place of business in response to the OSC.

---

[1] HFC makes much ado about the fact that Defendants also filed a brief in response to the Court's OSC, which was directed at HFC. *See, e.g., Mot.* 3:12-18 (HFC had no "reason to believe that the Court would consider BAIG Defendants' Reply," and, "[h]ad the Court intended full briefing on the matter, the OSC should have so stated."). As discussed, HFC's failure to meet its burden to establish diversity jurisdiction was not affected by any brief filed by Defendants. For example, HFC did not identify a single place which the Court could conclude was its nerve center. HFC's response was insufficient, regardless of whether Defendants even filed a brief.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

#87

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-3736 PSG (JCGx) | Date | April 5, 2011 |
|---|---|---|---|
| Title | Health Facilities of California Mutual Insurance Company, Inc. v. British American Insurance Group, Ltd., *et al.* | | |

However, HFC does not provide any new facts that, in the exercise of reasonable diligence, could not have been known to it at the time it responded to the OSC. HFC never explains any new facts or claims they were previously unavailable; rather, it simply abandons its earlier position that California is HFC's principle place of business, instead arguing Colorado is HFC's actual principle place of business. In fact, in response to the OSC, HFC provided a sworn declaration that the board of directors, President, Secretary and Treasurer direct, control, and coordinate the management of HFC, *see Chase Decl.* ¶¶ 2-3, 6-9, but now blatantly contradicts that sworn declaration by arguing that a third-party management company directs, controls and coordinates the management of HFC, *see Mot.* 7:17-25. HFC cannot use a motion for reconsideration simply to advance a new argument in the place of a failed one. *See, e.g., Engleson v. Burling Northern R. Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992) ("Neither ignorance nor carelessness on the part of [a party] provides grounds for relief under Rule 60(b)(1).").

Finally, HFC's assertion that the Court manifestly failed to consider facts presented to the Court is without merit. The Court considered all the facts presented, as even a cursory examination of the January 11 Order makes clear:

After this Court's October 26, 2010 OSC, HFC provided the following evidence in support of its jurisdictional allegations: (1) there are seven members of HFC's board of directors who control, coordinate and direct the corporation's activities: four based in various parts of California, two in Louisiana and one in Nevada; (2) two outside vendors run the day to day financial, regulatory and claims operations from Colorado and Texas, respectively; and (3) the board has convened board meetings in California, Nevada or via telephone conference, but never in Louisiana. *See Chase Decl.* ¶¶ 3, 6; *Mooneyham Decl.* ¶¶ 4-9; *Mosier Decl.* ¶ 2,5. Plaintiff's evidence also revealed that its President and Secretary, Ronald Goux, is based in Louisiana, while its Treasurer works out of California. *See Chase Decl.* ¶ 3. Defendants BAIG and Myrtle provided sworn declarations, also in response to the Court's OSC, showing that HFC's physical and mailing address was listed on the HFC website as Louisiana, that HFC's President and Secretary Ronald Goux and Director Timothy Goux's office was at that same address, and that contracts were negotiated, premiums were delivered and bank accounts were established all from that address. *See Myrtle Decl.*,

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

#87

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-3736 PSG (JCGx) | | Date | April 5, 2011 |
|---|---|---|---|---|
| Title | Health Facilities of California Mutual Insurance Company, Inc. v. British American Insurance Group, Ltd., *et al.* | | | |

Ex. C . . . Based on all the evidence, the Court cannot conclude that Plaintiff has carried its burden to persuade the Court that complete diversity of the parties exists in this case.

Dkt. #86, at 3-4.  As can be seen from the quoted passage and posture of the case, the Court ultimately concluded that "Plaintiff's failure to carry its burden to identify the single principal place of business of HFC [was] fatal to its assertion of federal subject matter jurisdiction."  *Id.* at 5.  Despite HFC's arguments to the contrary, the Court's January 11 Order was not contrary to law or the facts presented.  The Court was merely performing its duty to ensure the existence of federal jurisdiction.  HFC failed to meets its burden to establish diversity jurisdiction in response to the OSC, and has similarly failed to establish that Rule 60(b) or Local Rule 7-18 warrants reconsideration now.

IV.   <u>Conclusion</u>

Based on the foregoing, the Court DENIES HFC's Motion for Reconsideration.

**IT IS SO ORDERED.**